IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENWOOD DIVISION

| | |
|---|---|
| Damion Ligon,<br><br>                Plaintiff,<br>vs.<br>Captain Martin,<br>                Defendant. | Civil Action No. 8:10-cv-16-JMC-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

       This matter is before the court on the defendant's motion to dismiss the plaintiff's complaint for failing to satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and for failing to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). The plaintiff, proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983, alleging false imprisonment and requesting lost wages and damages for pain and suffering.

       Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

       On July 7, 2010, the defendant filed a motion to dismiss. On that same date, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. On July 27, 2010, he filed his response in opposition to the motion.

## FACTS PRESENTED

The plaintiff alleges he was jailed at the Greenwood County Detention Center (GCDC) in 2009 for nine months on burglary and grand larceny charges[1] and that he had to stay in jail "until they investigated the case." He alleges he "wrote three letter[s] of grievance," purportedly protesting his wrongful arrest and imprisonment, but the result was that "I had to wait until I went to court." In September 2009, the plaintiff's case was apparently called for court and was then dismissed. The plaintiff states in his complaint that "the judge dismiss[ed] the case because it wasn't me."

The sole defendant named in the complaint is one "Captain Martin," and he/she is only named in the caption. The complaint, as well as the plaintiff's objections filed in response to the defendant's motion to dismiss, provide no information whatsoever regarding Captain Martin or how he/she is involved in this matter.

## APPLICABLE LAW AND ANALYSIS

Under the General Rules of Pleading set forth in Rule 8 of the Federal Rules of Civil Procedure, a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Rule 8 does not "require detailed factual allegations but ... demands more than an unadorned, the defendant unlawfully harmed me accusation." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

---

[1] The period of incarceration is unclear. The complaint cites May 3, 2009, as the date the grievance of false imprisonment was filed with the GCDC and September 29, 2009, as the date the plaintiff received a final determination from the GCDC. In his document entitled "Objections to Defendants Motion for Summary Judgment" filed July 27, 2010, in response to the defendant's motion to dismiss, the plaintiff states he was arrested on May 3, 2009, and held in custody until September 16, 2009, when the charges against him were dropped and he was released. The plaintiff does not indicate whether he is currently incarcerated.

In considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must determine whether the complaint sets forth sufficient facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Even though a complaint's allegations are viewed in a light most favorable to the plaintiff, the claim presented must be "plausible." *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949 (2009) (citing *Twombly,* 550 U.S. at 556). Therefore, for a complaint to survive a motion to dismiss, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.,* 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.,* 309 F.3d 193, 213 (4th Cir. 2002)).

The pleadings of a *pro se* party are entitled to liberal construction and are held to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus,* 551 U.S. 89 (2007). "Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, or construct the plaintiff's legal arguments for him, or 'conjure up questions never squarely presented' to the court." *Leneau v. Aplin*, C.A. No. 4:09-932-CMC-TER, 2009 WL 1749430, at *2 (D.S.C. Jun. 22, 2009) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985)) (internal citations omitted). "The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court." *Id.* (citing *Weller v. Dep't of Soc. Servs.,* 901 F.2d 387, 390-91 (4th Cir. 1990)).

Two elements must be alleged for a *prima facie* case under §1983: (1) a deprivation of a federal right and (2) that the person who deprived the plaintiff of that right

3

acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). If a §1983 complaint fails to state a constitutional claim, it is subject to dismissal under Rule 12(b)(6). *Doe v. Metro. Police Dep't*, 445 F.3d 460, 467 (D.C. Cir. 2006).

The complaint in this case fails to set forth sufficient information to comply with the pleading requirements of Rule 8(a) and cannot survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The bare-bones complaint, construed liberally, suggests that the plaintiff was deprived of his liberty, but provides absolutely no information on the captioned defendant, Captain Martin. Nothing is alleged regarding Captain Martin's conduct, whether he /she acted under color of state law, and whether that conduct contributed to the plaintiff's claimed deprivation of liberty. Because the plaintiff has failed to allege that the defendant personally acted or failed to act in violation of his constitutional rights, the action fails. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928-29 (4th Cir. 1977).

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the defendant's motion to dismiss (doc. 32) be granted.

September 1, 2010  s/Kevin F. McDonald
Greenville, South Carolina  United States Magistrate Judge