# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Damion Ligon, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 8:10-cv-00016-JMC |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Captain Martin, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant Captain Martin's Motion to Dismiss Plaintiff Damion Ligon's Complaint [Doc. # 32] for failing to satisfy the pleading requirements of Fed. R. Civ. P. 8 and for failing to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). The Magistrate Judge filed his Report and Recommendation [Doc. # 48] on September 1, 2010, and recommended that Defendant's Motion to Dismiss be granted. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation without a recitation.

## STANDARD OF REVIEW

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court

may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

Plaintiff alleges he was incarcerated for nine (9) months at the Greenwood County Detention Center for first degree burglary and grand larceny charges. Plaintiff alleges he "wrote three letter[s] of grievance," purportedly protesting his wrongful arrest and imprisonment, but the result was that "I had to wait until I went to court." [Doc. # 1]. In September 2009, Plaintiff's case was apparently called for court and was then dismissed. Plaintiff, who alleges he is a single parent, states he lost his house and nine (9) months of wages while incarcerated. Plaintiff seeks damages for false arrest.

Plaintiff timely filed objections to the Magistrate Judge's Report and Recommendation. [Doc. # 55]. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Upon review, the court finds that the majority of Plaintiff's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate Plaintiff's claims. However, the court was able to discern what seems to be a specific objection to the Magistrate Judge's finding that Plaintiff submitted a "bare-bones complaint" and that "[t]he complaint . . . fails to set forth sufficient information to comply with the pleading requirements of Rule 8(a) . . . ." [Doc. # 48, at 4]. In his objections, Plaintiff provides detailed information concerning Defendant Martin

and his alleged unconstitutional acts. Unfortunately, Fed. R. Civ. P. 8 requires that these allegations be included in the complaint. To include them in objections to the Magistrate Judge's Report and Recommendation is insufficient to withstand a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For the foregoing reasons, the court adopts the Magistrate Judge's Report and Recommendation [Doc. # 48] and **GRANTS** Defendant's Motion to Dismiss. [Doc. # 32]. Plaintiff's Complaint is hereby dismissed without prejudice.

**IT IS SO ORDERED.**

                                                    s/ J. Michelle Childs
                                                   United States District Judge

January 6, 2011
Greenville, South Carolina